IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julius Smiley, #262734, | ) C/A No. 0:09-2039-TLW-PJG |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| SCDC; | ) (partial summary dismissal) |
| Jon Ozmint, State Commissioner of Corrections | ) |
| Warden Robert Stevenson; | ) |
| Associate Warden Cartledge; | ) |
| Associate Warden Barkley; | ) |
| Major Sutton; | ) |
| Shift Captains; | ) |
| Shift Lieutenants, and | ) |
| Shift Sergeants, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

The plaintiff, Julius Smiley, ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is currently incarcerated at the Broad River Correctional Institution in Columbia, South Carolina, part of the South Carolina Department of Corrections ("SCDC") prison system, and files this action *in forma pauperis* under 28 U.S.C. § 1915. In the Complaint (Docket Entry 1) and Amended Complaint (Docket Entry 9) filed in this case, Plaintiff alleges that a certain prison policy requiring complete silence by inmates during their meal times violates his First

PJG

Amendment rights. Citing to 42 U.S.C. § 1983,[1] he asks for compensatory and punitive damages and other relief.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an

---

[1]Plaintiff's claims for damages allegedly arising from the conditions of his confinement within South Carolina state prisons are properly considered by this Court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. McKnight v. Rees, 88 F.3d 417(6th Cir. 1996) (emphasis added).

arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

PJG

# DISCUSSION

Initially, this case is subject to partial summary dismissal as to Defendant SCDC because, as a state agency and an integral part of the state of South Carolina, it is entitled to immunity from Plaintiff's claims for damages under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment divests this court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. As a result, to the extent that Plaintiff sues SCDC, this case is subject to partial summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 627 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-585 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrections, 460 F. Supp. 805, 808-09 (D.S.C. 1978); see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984) (holding that although the express language of the Eleventh Amendment only forbids suits by citizens of other States against a State, the Eleventh Amendment bars suits against a State filed by its own citizens).

PJG

Under Pennhurst, 465 U.S. at 99 n.9, a State must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws (Cum. Supp. 1993), is a statute in the South Carolina Tort Claims Act which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. See McCall v. Batson, 285 S.C. 243, 329 S.E.2d 741, 743 (1985) (abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."); cf. Pennhurst, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."). SCDC is not a proper Defendant under Plaintiff's allegations and is entitled to summary dismissal of this case as to that agency.

Additionally, this case is subject to partial summary dismissal as to Defendants "Shift Captains; Shift Lieutenants, and Shift Sergeants" because these party descriptions using collective terminology fail to name a "person" who can act "under color of state law." To state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; Monroe v. Page, 365 U.S. 167 (1961); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several

PJG

courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the collective term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. See Barnes v. Baskerville Corr. Cen. Med. Staff, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); Martin v. UConn Health Care, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); Ferguson v. Morgan, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991). Plaintiff's use of collective terms in an attempt to sue several un-named persons is the equivalent of his using the term "staff." Under the applicable law cited above, the terms "Shift Captains; Shift Lieutenants, and Shift Sergeants" do not name proper defendants in this § 1983 action. As a result, these "defendants" should be summarily dismissed from this case without issuance of service of process for them.

## RECOMMENDATION

Accordingly, the court recommends that this case be partially summarily dismissed without prejudice and without issuance and service of process as to SCDC, Shift Captains, Shift Lieutenants, and Shift Sergeants. See Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Boyce

Page 6 of 8

PJG

v. Alizaduh, 595 F.2d 948 (4th Cir. 1979); Brown v. Briscoe, 998 F.2d 201 (4th Cir. 1993); Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The case should be served on the remaining defendants.

*(signature)*
Paige J. Gossett
United States Magistrate Judge

September 28, 2009
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).