IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Julius Smiley, #262734, | ) | C/A No. 0:09-2039-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| Warden Robert Stevenson; Associate Warden Cartledge; Major Sharonda Sutton; Jon Ozmint, State Commissioner of Corrections; and Associate Warden Barkley; | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Julius Smiley ("Smiley"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. He is currently incarcerated at Broad River Correctional Institution, located in Columbia, South Carolina, which is a facility of the South Carolina Department of Corrections ("SCDC") prison system. Smiley has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on numerous motions filed by Smiley pertaining to the payment of his filing fee (Docket Entries 26, 28, 29, 39, 61, & 62). These motions can be generally described as (1) motions seeking to be relieved from paying any filing fee or to establish a payment plan and (2) motions seeking to enforce the requirements of 28 U.S.C. § 1915(b) through reimbursement of excessive payments.

**A.  Motions Seeking Relief from Payment or Installment Plans**

Smiley first files a motion to amend his motion for leave to proceed *in forma pauperis.* (Docket Entry 26.) As an initial matter, Smiley's motion for leave to proceed *in forma pauperis*

(Docket Entry 2) was granted by the court on September 28, 2009 (Docket Entry 13). In that order, the court informed Smiley that he has incurred a debt to the United States in the amount of $350; however, pursuant to 28 U.S.C. § 1915(a) and (b), Smiley could proceed without *pre*payment of this fee. Further on October 28, 2009, the court denied Smiley's request to set up a small quarterly or monthly payment plan.

In this motion (Docket Entry 26), Smiley seeks an order from the court relieving him from paying *any and all* filing fee payments because of his financial status and because he was granted leave to proceed *in forma pauperis*. Smiley next filed a motion for reconsideration of the court's order dated October 28, 2009 and requested the court to grant him a payment plan permitting him to make quarterly payments or to deduct ten percent of his deposits. (Docket Entry 28.) Thereafter, Smiley filed a motion again seeking to be relieved from paying the filing fee and reimbursement of the money paid thus far, or in the alternative, that the court grant him an installment payment plan permitting him to make quarterly payments or to deduct ten percent of his employment deposits. (Docket Entry 29.)

Pursuant to § 1915(a) and (b), indigent litigants such as Smiley may proceed without prepayment of fees, but there is no authority for Smiley's request to absolve him from incurring the debt. Further, the amount that Smiley is required to pay is set by statute. Pursuant to 28 U.S.C. § 1915(b)(2), as well as the court's order dated September 28, 2009, "the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." Therefore, these motions (Docket Entries 26, 28, & 29) are denied.

PJG

**B.     Motions Seeking to Enforce the Requirements of 28 U.S.C. § 1915(b)**

In Smiley's second motion to reconsider the court's October 28, 2009 order (Docket Entry 39), Smiley states that his previously filed motions were "inartfully drafted" and discusses the application of 28 U.S.C. § 1915(b)(2) and (3) to the payment of his filing fee. (Docket Entry 39 at 1.)  In this motion, Smiley alleges that SCDC is violating § 1915 by debiting his account in excess of the percentages provided by statute.  Attached to this motion is a print-out of Smiley's prisoner trust account for October 2009.  (Docket Entry 39-1 at 2.)  This statement reveals that on October 16, 2009 Smiley received a money order for $75.00 that was deposited into his account resulting in an account balance of $75.00.  The next day $65.00 was debited from his account for a payment to the district court, leaving Smiley with a balance of $10.00.  (Id.)  Smiley argues that only $15.00 should have been deducted pursuant to § 1915(b)(2) and requests that SCDC be required to comply with § 1915 and to credit his account in the amount of $50.00.

Smiley also filed a "motion for contempt order and injunctive relief." (Docket Entry 62.) In this motion, Smiley argues that SCDC has continued to violate § 1915(b)(2) by deducting 100% of a deposit made on November 2, 2009.  Smiley alleges that his account has been rendered useless and requests that SCDC be held in contempt for violating a portion of the court's order dated September 28, 2009, which stated that "[t]he agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full filing fee is paid." (Docket Entry 13; see also Docket Entry 62.)

In response to Smiley's motion for contempt and injunctive relief, the defendants concede that, upon investigation, Smiley's account has been incorrectly debited on two occasions.  Martha Roof, the Head of Financial Accounting for SCDC, attests that "[t]he accounting software used by

the Department of Corrections has been discovered to improperly debit the accounts of inmates who have matters pending in the United States District Court." (Roof Aff. ¶ 2, Docket Entry 70-1.) Roof further avers that SCDC is correcting this problem. (Id.) The defendants argue that as SCDC has been dismissed from this action and there is no allegation that any of the remaining defendants in this matter were personally involved in the debiting of Smiley's account, contempt is not proper. Further, the defendants contend that, in light of the fact that SCDC is taking steps to remedy the problem, an injunction is not warranted. However, the defendants suggest that Smiley may be made whole by the return of his overpayments and that if the court returns the overpayments, SCDC will credit that amount to Smiley's account and then debit Smiley's account properly in the future to satisfy the debt.

In light of the framework established by § 1915(b)(2), the court finds it appropriate based on the circumstances of this case to return to Smiley the amounts that have been debited from Smiley's account in excess of the amount authorized by statute. Smiley states that his account has been debited in excess by "80% of $140.00, or $112.00." (Docket Entry 73.) The defendants have not filed anything with the court disagreeing with this amount.

**ORDER**

Based on the forgoing, it is hereby

**ORDERED** that Smiley's motions seeking relief from payment of the filing fee or requesting installment plans (Docket Entries 26, 28, & 29) are denied. It is further

**ORDERED** that Smiley's motions seeking to enforce the requirements of 28 U.S.C. § 1915(b) (Docket Entries 39 & 62) are granted in part and denied in part. Smiley has not made a showing that contempt is appropriate; therefore, the court declines to certify this matter pursuant to

PJG

28 U.S.C. § 636(e)(6). However, the Clerk of Court is directed to return to the payor the amount of $112.00. In light of this action, the Clerk of Court is also directed to adjust the court's records containing Smiley's balance in this matter to reflect that Smiley owes an additional $112.00. Further, SCDC shall collect payments from Smiley's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the balance of the full filing fee is paid in this matter. It is further

**ORDERED** that Smiley's motion for the court to rule on this issue (Docket Entry 61) is terminated as moot.

## RECOMMENDATION

In light of the court's order that the overpayments be returned to Smiley to be deducted as required by § 1915(b)(2) and Roof's affidavit, Smiley's request for injunctive relief against SCDC and the defendants should be denied as moot. (Docket Entry 62.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 30, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).