IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julius Smiley, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 0:09-2039-TLW |
| ) | |
| SCDC; ) | |
| Jon Ozmint, State Commissioner of Corrections; ) | **ORDER** |
| Warden Robert Stevenson; ) | |
| Associate Warden Cartledge; ) | |
| Associate Warden Barkley; ) | |
| Major Sutton; ) | |
| Shift Captains; ) | |
| Shift Lieutenants; and ) | |
| Shift Sergeants; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On August 4, 2009, the plaintiff, Julius Smiley, ("plaintiff"), proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983. (Doc. #1). The case was referred to Magistrate Judge Paige J. Gossett pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC, and on April 30, 2010, Magistrate Judge Gossett issued two Report and Recommendations. (Docs. #75 and #76). In the second and more relevant of these, the Magistrate Judge recommended that the plaintiff's motion for injunctive relief be denied as moot and that defendant's motion for summary judgment be granted. (Doc. #76). By Order entered July 22, 2010, this Court accepted those recommendations. (Doc. #82). Judgment was entered on the same day. (Doc. #83).

This matter now returns to this Court on plaintiff's motion filed July 22, 2011 and styled as a "Motion to Enforce". (Doc. #91). Defendants filed a Memorandum in Opposition to Plaintiff's Motion to Enforce, along with the supporting Affidavit of Martha Roof, Head of

Financial Accounting, South Carolina Department of Corrections, on August 18, 2011. (Docs. #93 and #93-1).[1]

As judgment has already entered in this case, the avenue of recourse that remains available to the plaintiff is a post-judgment application under either Federal Rule of Civil Procedure 59 or, alternatively, Federal Rule of Civil Procedure 60.

Rule 59(e) of the Federal Rules of Civil Procedure countenances a Motion to Alter or Amend a Judgment. Rule 59(e) provides, simply, that:

> Any motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment.

Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396,403 (4th Cir. 1998) cert. denied, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). In general, however, reconsideration of a judgment after its entry is an extraordinary remedy which should be used only sparingly. Id.

After careful consideration of the relevant filings in this case, the Court concludes that there is no basis under Rule 59(e) for this Court to modify its Order of July 22, 2010. (Doc. #82). Not only was plaintiff's most recent motion submitted well beyond Rule 59(e)'s 28 day limitation period, plaintiff cites no intervening change in law, no new relevant evidence, or any

---

[1] Defendants filed their Response after moving this Court on August 8, 2011 for a short extension of time. (Doc. #92).

other clear error warranting reconsideration. Rather, plaintiff contends simply that defendants have made excessive deductions from his prisoner account during a time period that followed the entry of judgment in this case.[2]

Nor is there basis for relief under Rule 60 of the Federal Rules of Civil Procedure, which countenances a Motion for Relief from a Final Judgment, Order, or Proceeding. Rule 60(b) provides that:

> [o]n motion and just terms, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Much like Rule 59(e), the remedy provided for in Rule 60(b) is an extraordinary remedy that is only properly invoked upon a showing of exceptional circumstances. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991)(quoting Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979)). Plaintiff has not made such a showing under any of the prongs of Rule 60(b).

The Court therefore concludes that plaintiff's July 22, 2011 post-judgment filing, styled a "Motion to Enforce," is hereby **DENIED**. (Doc. #91). Accordingly, defendants' Motion for Extension of Time to File a Response is **MOOT**. (Doc #92).

**IT IS SO ORDERED**.

---

[2] To the extent Plaintiff seeks relief for alleged wrongs occurring during the time period following entry of judgment in this case, such relief would have to be pursued through a new action.

                                                                                              s/Terry L. Wooten
                                                                           United States District Judge

October 12, 2011
Florence, South Carolina